# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ROGELIO LLAMAS CEJA, ) | 1:08-cv-01708-TAG HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS (Doc. 1) |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT TO |
| IMMIGRATION AND CUSTOMS ) | ENTER JUDGMENT AND CLOSE CASE |
| ENFORCEMENT, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C.§ 636(c), Petitioner and Respondents consented to the jurisdiction of the United States Magistrate Judge. (Docs. 3, 6).

**PROCEDURAL HISTORY**

On November 10, 2008, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that he is presently incarcerated at the California City Correctional Center, California City, California, in the custody of the Bureau of Prisons ("BOP"), for a conviction in the United States District Court for the Southern District of California, serving a fifteen month sentence for importation of marijuana. (Doc. 1, p. 2). Petitioner has appended to the petition a document from Respondent Bureau of Immigration and Customs Enforcement ("ICE") indicated ICE's intention to place a detainer on Petitioner for his possible removal from the United States. (Doc. 1, p. 9). In the petition, Petitioner contends that he "was born to an American Citizen Father, so I

1

believe according to the United States law, I am also an American Citizen."  (Id. at p. 3).  Petitioner also contends that ICE's detainer has prevented him from being placed in a Residential Re-entry Center ("RRC").  (Id.).  Petitioner requests that the Court issue an order to ICE to remove the detainer.  (Id.).  On November 24, 2008, Petitioner filed a change of address with the Court indicating that he was now residing at 10829 Fulton Wells Ave., #1106, Santa Fe Springs, California.  (Doc. 5).

## **DISCUSSION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Tubwell, 37 F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at185-86 (claiming Board of Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of habeas
///

corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Hutchings, 835 F.2d at187; Brown, 610 F.2d at 677.

In this case, Petitioner is alleging that ICE has improperly filed a detainer against him indicating ICE's intention to remove Petitioner. Petitioner contends that he may be a United States citizen by virtue of his father, who was a citizen and that therefore he may not be subject to removal. Petitioner seeks an order from this Court to challenge and discharge the detainer.

Title 8 U.S.C. § 1252 allows only very limited judicial review of ICE orders and decisions. See 8 U.S.C. 1252 (stating which orders are reviewable and listing requirements to seek judicial review); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471 1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of INS's "decision or action to commence proceedings, adjudicate cases, or execute removal orders"). However, there is no support for the proposition that the Court has jurisdiction to review the ICE's alleged future conduct. It is ICE, and not this Court, which must determine whether the Petitioner in this case is deportable or removable. It is also ICE who determines whether the Petitioner is entitled to a stay from removal under § 212(c). The ICE detainer or hold does not mean that Petitioner is in ICE custody for the purposes of obtaining habeas corpus relief. See Campos v. Immigration and Naturalization Service, 62 F.3d 311 (9th Cir. 1995); Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), superseded by statute on other grounds ("[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available."). The detainer is only a notification that a removal decision will be made at some later date. Garcia, at 303-04; Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Merely because Petitioner is subject to an ICE detainer or hold, there is no final order of removal or deportation and he is not in ICE custody. Thus, the Court cannot proceed with a habeas corpus petition concerning the ICE's actions. See 28 U.S.C. § 2241(c).

Moreover, even were that not so, the federal district court no longer has habeas jurisdiction over collateral challenges to removal proceedings. On May 11, 2005, the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005" was signed into law. Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended

Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the *sole and exclusive means* of review of an administrative order of removal, deportation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory). (Emphasis supplied).

Accordingly, this Court has no habeas jurisdiction to review any proceedings related to the removal of Petitioner and the bare detainer letter alone is insufficient to place Petitioner in ICE custody for purposes of habeas review.

Finally, as to the relief sought by Petitioner, the Court cannot require ICE to hold a hearing for Petitioner so that Petitioner will not have to be in ICE detention following the completion of his sentence. The Court is without power to compel the ICE to hold an immediate hearing for a non-citizen, such as Petitioner, who has received an ICE detainer or hold. See Campos, 62 F.3d at 313-14. In 1993, the Ninth Circuit held that an incarcerated alien could request the District Court compel ICE to hold an immediate deportation hearing. See Silveyra v. Moschorak, 989 F.2d 1012, 1014 n.1. (9th Cir. 1994). In 1994, however, Congress passed the Immigration and Nationality Technical Corrections Act of 1994, Pub.L.No. 103-416, which prohibited the Federal courts from compelling ICE to proceed with deportation or removal proceedings. See Campos, 62 F.3d at 312-314. In 1996, Congress also enacted the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L.No. 104-208. Under this Act, the Federal courts have no authority to review the Attorney General's decision or action to "commence proceedings, adjudicate cases," or "execute removal orders." 8 U.S.C. § 122(g). Because 8 U.S.C. § 1252(g) specifically precludes the court from reviewing ICE's decision to commence removal or deportation proceedings, the Court is without the power to compel ICE to conduct such a hearing.

///

Thus, for the instant petition attacking the ICE detainer and implicitly requesting that Petitioner not be deported or removed, habeas corpus relief is not available. The detainer does not place the Petitioner in ICE custody for the purposes of habeas review, and as the district court has no jurisdiction to review removal proceedings themselves, there is no action by ICE that this Court can review.

Moreover, the case appears to be moot. The Court has conducted its own investigation of the present custodial status of Petitioner by accessing the BOP's electronic database regarding prisoners. Using Petitioner's full name and BOP registration number, as indicated by Petitioner in the petition, the Court has determined that Petitioner was released from federal detention on November 17, 2008, seven days after the petition was filed and one week before his notice of change of address was filed.[1]

Because Petitioner has been released from federal custody, and it not appearing that Petitioner has been transferred to ICE custody, his release from custody is an additional ground for dismissal since the case now appears to be moot.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them."

///

---

[1] The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be accessed through the Bureau of Prisons' official website (www.bop.gov). The Inmate Locator Service enables the public to track the location of federal inmates. In general, the court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Specifically, the Court is permitted to take judicial notice of information on the BOP's Inmate Locator Service. See Fed.R.Evid (201(c); Upfold v. O'Hara, 2004 WL 1529233, *2, n. 1 (W.D.N.Y. June 24, 2004)("[S]entence information on the [Department of Correctional Services'] web site is unquestionably accurate and readily available."); Herl v. Federal Bureau of Prisons, 2008 WL 544955, *1 (E.D. Mich. Feb. 25, 2008); Munro v. Eichenlaub, 2007 WL 4287547, *1, n. 1 (E.D. Mich. Dec. 5, 2007). Accordingly, the Court will take judicial notice of the information on the BOP's Inmate Locator Service for Petitioner.

North Carolina v. Rice, 404 U.S. 244, 246 (1971) per curiam (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Here, the instant petition requested an order from this Court to ICE regarding the legality of the detainer filed in favor of Petitioner and, implicitly, seeking the discharge of that detainer. The detainer would have resulted in the transfer of Petitioner from BOP custody to ICE custody at the conclusion of his sentence. Since Petitioner has now been released from BOP custody and has filed a change of address indicating that he is now residing in Santa Fe Springs, California, and not in the custody of ICE, it now appears that the detainer that was the subject of this petition has not been used to detain Petitioner in ICE custody. Accordingly, the grounds for habeas review are Petitioner claim for relief are now moot.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as failing to state a cognizable claim upon which habeas relief can be granted and for MOOTNESS; and
2. The Clerk of the Court is DIRECTED to enter judgment for Respondents and to close the case.

IT IS SO ORDERED.

Dated: **April 1, 2009**  /s/ **Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE